UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MANNS,<br><br>            Petitioner,<br><br>     v.<br><br>DOERER,<br><br>            Respondent. | Case No.: 1:24-cv-01107-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[THIRTY DAY OBJECTION DEADLINE] |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California.  He filed the instant federal petition on September 18, 2024, challenging his conviction pursuant to 28 U.S.C. § 2241. (Doc. 1.) As discussed below, ~~For the reasons that follow,~~ the Court finds that it lacks jurisdiction to consider his claims. Therefore, the Court will recommend the petition be SUMMARILY DISMISSED.

**I.      PRELIMINARY REVIEW**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The provisions of Rule 4, which are applicable to § 2241 petitions under Rule 1(b), provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

1

judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

## II. BACKGROUND

On March 3, 1994, in the United States District Court for the Eastern District of Kentucky, Petitioner was found guilty of several drug and firearm offenses in connection with burglaries of multiple pharmacies. See United States v. Manns, Case No. 7:93-cr-073-DLB-EBA-1 (E.D. Ky. 2017) (Doc. 41[1]). On September 26, 1994, Petitioner was sentenced to a term of 455 months in federal prison. (Doc. 72.) Petitioner appealed, and on August 14, 1995, the Sixth Circuit Court of Appeals affirmed the judgment. (Doc. 95.)

On July 29, 1996, Petitioner filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255. (Doc. 102.) On June 4, 1998, the District Court denied the motion. (Doc. 121.) Petitioner appealed the denial, and on March 22, 2000, the appeal was denied. (Docs. 123, 135.)

On September 29, 1999, Petitioner filed a motion for relief pursuant to Federal Rules of Civil Procedure Rule 60(b)(6). (Doc. 130.) The District Court construed the motion as one for relief under § 2255 and transferred the motion to the Sixth Circuit. (Doc. 131.) The Sixth Circuit dismissed the motion. (Doc. 134.)

On October 16, 2000, Petitioner submitted a letter which the District Court construed as a second or successive § 2255 motion and denied. (Docs. 142, 145.) On February 9, 2015, the District Court issued an order reducing Petitioner's sentence to 450 months. (Doc. 246.)

On May 20, 2016, Petitioner filed a second motion to vacate the sentence pursuant to 28 U.S.C. § 2255. (Doc. 273.) On June 17, 2016, the motion was determined to be second or successive and forwarded to the Sixth Circuit. (Doc. 276.)

On July 26, 2016, Petitioner filed a successive § 2255 motion to vacate. (Doc. 277.) That motion was forwarded to the Sixth Circuit and was dismissed on August 26, 2016. (Doc. 279, 282.)

---

[1] Further docket references are to the docket in Manns, Case No. 7:93-cr-073-DLB-EBA-1.

2

On March 9, 2017, Petitioner filed a successive § 2255 motion to vacate. (Doc. 292.) The motion was referred to the Sixth Circuit and dismissed for want of prosecution on April 25, 2017. (Doc. 293, 294.)

On September 19, 2018, Petitioner filed a successive § 2255 motion to vacate. (Doc. 319.) The motion was transferred to the Sixth Circuit as second or successive. (Doc. 322.) On March 13, 2019, the Sixth Circuit denied Petitioner's application for authorization to file a successive § 2255 motion. (Doc. 327.)

On September 18, 2024, Petitioner filed the instant habeas petition in this Court. Petitioner challenges his underlying conviction, claiming he was denied his constitutional right to counsel during certain stages of his trial.

**III.     DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Jones v. Hendrix, 599 U.S. 465, 469 (2023); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Jones, 599 U.S. at 469; Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. Jones, 599 U.S. at 474; Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[T]he saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Jones, 599 U.S. at 478. "[I]f - and only if – § 2255's remedy by motion is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Jones, 599 U.S. at 471 (quoting 28 U.S.C. § 2255(e)); Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). To show § 2255 constitutes an "inadequate and ineffective" remedy, a petitioner must: (1) make a claim of actual innocence; and (2) show he has never had an 'unobstructed procedural shot' at presenting the claim. Shephard v. Unknown Party, Warden, FCI Tucson, 5 F.4th 1075, 1076 (9th Cir. 2021); Ivy v. Pontesso, 328 F.3d 1057, 1059-1060 (9th Cir. 2003); Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192.

Here, Petitioner fails on both prongs. First, he does not claim actual innocence for purposes of bringing a § 2241 petition under the savings clause. To show actual innocence, Petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012) (citation omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Id. (citation omitted). Petitioner claims he was denied his right to counsel at certain stages of the trial. The claim has nothing to do with factual innocence.

Second, Petitioner cannot demonstrate that he was denied an unobstructed procedural shot at presenting his claims. To determine whether Petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quotations omitted); see also Jones, 599 U.S. at 477-78 (holding § 2241 is not available for collateral attacks on federal sentences based on intervening changes in statutory interpretation because § 2255(h)

only allows second and successive § 2255 motions that rely on "newly discovery evidence" or "a new rule of constitutional law").

Petitioner alleges he was denied his right to counsel during certain stages of his trial. The factual basis for his claim was available during trial, appeal, and well before the Eastern District of Kentucky denied his Section 2255 motion.  Petitioner does not rely on any subsequent change in law, a new rule of constitutional law, or on any newly discovered evidence. He states that the Ninth Circuit and some district courts have issued an injunction in cases brought by state prisoners involving a denial of counsel, but he offers no authority for this assertion and fails to state how developments concerning California state convictions apply to his federal conviction sustained in the Eastern District of Kentucky.

In addition, the mere fact that Petitioner's prior Section 2255 motion was unsuccessful does not make Section 2255's remedy inadequate or ineffective to test the legality of his conviction. See Lorentsen, 223 F.3d at 953 (explaining § 2255 not inadequate or ineffective merely because court of appeals refuses to certify second or successive motion to vacate); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (*per curiam*) (rejecting contention that § 2255 is inadequate or ineffective merely because prisoner's § 2255 motion might be procedurally barred). Accordingly, the petition does not demonstrate that Petitioner was denied an unobstructed procedural shot at presenting his claims. The petition does not qualify for the savings clause and should be dismissed.

The Court notes that transferring the petition to the Eastern District of Kentucky is not in the interest of justice because the petition is a second and successive Section 2255 motion. See Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001). As a second and successive Section 2255 motion, the petition must first be certified by the court of appeals. See 28 U.S.C. § 2255(h).

**IV.    ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**V.    RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

5

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **September 19, 2024**                    /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE