UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MANNS,<br><br>             Petitioner,<br><br>      v.<br><br>DOERER,<br><br>             Respondent. | No.  1:24-cv-01107-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

    Petitioner Tony Manns is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On September 19, 2024, the assigned magistrate judge issued findings and recommendations to dismiss the petition.  Doc. 5.  Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within thirty (30) days after service.  No objections have been filed, and the deadline to do so has expired.

1

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the file, the Court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis. As the magistrate judge correctly noted, as an exception to the general rule that a federal prisoner must proceed by a petition under 28 U.S.C. § 2255, a federal prisoner may challenge the legality of his detention through a petition pursuant to 28 U.S.C. § 2241 only when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464 U.S. 895, 898 (9th Cir. 2006). Petitioner does not assert a claim of actual innocence.

Additionally, even if the Court were to construe the § 2241 petition as one under § 2255, petitioner would not be entitled to bring this claim because it is successive and does not assert that he has "newly discovered evidence that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1); *see Jones v. Hendrix*, 599 U.S. 465, 477–78 (2023) (holding that a federal prisoner may only file a successive § 2255 petition if satisfies one of the two enumerated exceptions in § 2255(h)(1)). Ground two of the petition asserts that there were notes from the jury that were not included in the record and contains, as exhibits, letters from United States District Judge Joseph M. Hood and employees of the United States District Court for the Eastern District of Kentucky explaining that jury notes are not ordinarily included in the appellate record unless designated by the parties. Doc. 1 at 3, 6–9. However, the relevant "newly discovered evidence" is the letters, and those do not "establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," 28 U.S.C. § 2255(h)(1), because they do not indicate what the jury notes said or how they might demonstrate petitioner's lack of guilt. Therefore, even if the Court were to construe this petition as one brought under 28 U.S.C. § 2255, it would be barred as successive.

In the event a notice of appeal is filed, a certificate of appealability will not be required because this is an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of

process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878, 879 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Accordingly,

1. The findings and recommendations issued on September 19, 2024, Doc. 5, are adopted;
2. The petition for writ of habeas corpus is dismissed;
3. The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   November 17, 2024

_____
UNITED STATES DISTRICT JUDGE